# United States Tax Court

T.C. Memo. 2023-16

TONY PATRINICOLA AND BARBARA PATRINICOLA,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 498-19.                    Filed February 14, 2023.

————

Tony Patrinicola and Barbara Patrinicola, pro sese.

*Logan M. Westerman*, *Gregory Michael Hahn*, *Chi-Yun Lee*, and *Alicia H. Eyler*, for respondent.

## MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, *Judge*: By a Notice of Deficiency dated November 5, 2018, the Internal Revenue Service (IRS or respondent) determined a deficiency in federal income tax of $9,957 and an accuracy-related penalty for a substantial understatement of income tax under section 6662(a) and (b)(2) of $1,991 for Tony and Barbara Patrinicola's 2016 tax year.[1]

In the Notice of Deficiency, respondent determined that petitioners had received unreported taxable pension distributions of $27,830. However, respondent has conceded $21,080 of that adjustment. He has also conceded the penalty and the other income adjustments in the Notice of Deficiency, including adjustments to dividends, interest,

_____

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code (Code), Title 26 U.S.C., as in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts are rounded to the nearest dollar.

[*2] rents or royalties, capital gains, and partnership or flowthrough income. After these concessions, the issue before the Court is whether petitioners received unreported taxable pension distributions of $6,750.[2]

FINDINGS OF FACT

Petitioners, husband and wife, resided in Washington when they timely filed their Petition.

For the 2016 tax year, General Electric Pension Trust (General Electric) issued Form 1099–R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., to Mr. Patrinicola reporting payment of $22,773 in taxable pension distributions, and State Street Retiree Services (State Street) issued three Forms 1099–R that reported payments of $252, $4,627, and $3,412 in taxable pension distributions to Mr. Patrinicola. According to these Forms 1099–R, Mr. Patrinicola received total pension distributions of $31,064. Ms. Patrinicola received a Form 1099–R that reported that she received $2,592 in nontaxable retirement income. On their 2016 tax return, petitioners reported gross income from pensions of $24,610 and the taxable amount of such income as $19,687.

OPINION

Respondent asserts that petitioners did not report part of the taxable pension distributions received by Mr. Patrinicola from General Electric and State Street. Specifically, in his posttrial memorandum, respondent calculates that Mr. Patrinicola received unreported taxable pension distributions of $6,750, which respondent calculated as the difference between the $19,687 in pensions and annuities that petitioners reported as taxable on their 2016 return and pension distributions of $26,437, consisting of $22,773 from General Electric and $252 and $3,412 from State Street. Respondent concedes $4,627 of the amounts reported by State Street.

Section 61(a) defines gross income as all income from whatever source derived unless specifically excluded by another provision of the Code. Pensions distributions are included in gross income. § 61(a)(11).

---

[2] Also at issue is whether petitioners are liable for the alternative minimum tax for 2016. The resolution of this issue is a computational adjustment that flows from respondent's concessions and our disposition of the pension distribution issue.

**[\*3]**  At the trial before this Court on September 29, 2022, Mr. Patrinicola stated that he received the pension distributions from General Electric and State Street in the amounts reported on the Forms 1099–R. However, petitioners argue that the pension distributions are not subject to income tax because monthly pension payments are not taxable under a law that they refer to as the "Congressional Annual Notice of Monthly Pension Payments," which they understand to provide that "[m]onthly pension payments will be subject to Federal income tax withholding if the taxable portion of the sum equals to or exceeds are less than $1,990.00 per month. Your pension is not taxable if it is in the allowable range."

Upon our thorough review, there is no Code section or other statute that excludes monthly pension distributions of less than $1,990 from income or otherwise supports petitioners' argument that such payments are not subject to federal income tax. It appears that Mr. Patrinicola received information about withholding obligations from a payer of one of his pensions that resulted in a misunderstanding of his tax obligations. Federal income tax withholding is not the same thing as the federal income tax that is owed on the pension distributions. Withholding is the amount that the payer deducts from the pension payments and sends to the IRS on the taxpayer's behalf. In general, pensions are subject to federal income tax withholding, but taxpayers can choose not to have federal income tax withheld. Taxpayers use Form W–4P, Withholding Certificate for Periodic Pension or Annuity Payments, to elect the amount of withholding from periodic pension payments to ensure the correct amount is withheld to satisfy their individual tax obligations. Alternatively, taxpayers may use Form W–4P to choose not to have federal income tax withheld from pension payments at the risk that they will not have paid sufficient estimated tax throughout the year to cover their tax liability on the pension and other income. Pension distributions are included in the taxable income regardless of the taxpayer's decision regarding withholding.

We find petitioners' argument that the pension distributions are not taxable is without merit and conclude that they underreported their taxable pension distributions by $6,750. This amount is significantly lower than the amount of the adjustment proposed in the Notice of Deficiency, and the increase in tax from this case is substantially lower than the amount that respondent proposed in the Notice of Deficiency. We understand and are sympathetic to Mr. Patrinicola's frustrations in dealing with the proposed adjustments to his return that have been largely conceded as well as the multiple notices that he received from

**[\*4]** different IRS offices that seemingly were inconsistent and confusing. However, pension distributions are taxable income under the Code.

We have considered all of the parties' arguments, and to the extent not discussed above, conclude that those arguments are irrelevant, moot, or without merit.

To reflect the foregoing and concessions,

*Decision will be entered under Rule 155.*